**Steve D. Larson**, OSB No. 863540
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone:  (503) 227-1600
Facsimile:  (503) 227-6840
Email:   slarson@stollberne.com

*Counsel for Plaintiffs Justin Byrd Bonneau and Robbie Burgess*

[Additional counsel to appear on signature page]

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JUSTIN BYRD BONNEAU**, and **ROBBIE BURGESS** individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**GENE BY GENE, LTD. d/b/a FAMILYTREEDNA**, a Texas limited company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION ALLEGATION COMPLAINT**<br><br>O.R.S. 192.531, *et seq.*<br><br>N.M.S.A. 1978, § 24-21-3, *et seq.*<br><br>28 U.S.C. § 1332<br><br><u>DEMAND FOR JURY TRIAL</u> |

1.

**PRELIMINARY STATEMENT**

Plaintiffs Justin Byrd Bonneau and Robbie Burgess (collectively "Plaintiffs") bring this Class Action Complaint on behalf of themselves and all other similarly situated individuals against Gene by Gene, Ltd. d/b/a FamilyTreeDNA ("FamilyTreeDNA" or "Defendant") for its violations

Page 1 - CLASS ACTION ALLEGATION COMPLAINT

of O.R.S. 192.531, *et seq.* and N.M.S.A., 1978 § 24-21-1 *et seq.*, (collectively the "Genetic Statutes"), and to obtain redress for persons injured by its conduct. Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

2.

Defendant FamilyTreeDNA is a commercial genetic testing company who offers genetic analysis to individuals for genealogical purposes. Through its website, familytreedna.com (the "Website"), Defendant's consumers can order three separate genetic testing kits to help "find the missing connections in [their] family and break down brick walls."[1]

3.

Unbeknownst to Plaintiffs and Defendant's consumers, Defendant utilizes tracking pixels and similar tracking technologies on its Website that discloses its customers' genetic information with third parties, including disclosing that a specific individual has undergone genetic testing.

4.

Genetic information about a person, including the fact that someone underwent genetic testing, is among the most confidential and sensitive information in our society, and the mishandling of such information can have serious consequences, including heightened risks for discrimination in the workplace, denial of insurance coverage and data exposures leading to irreversible privacy harms.

5.

Recognizing these concerns, the Oregon legislature implemented its genetic privacy statute which prohibits disclosing or compelling the disclosure of the "identity of an individual upon whom a genetic test has been performed or the identity of a blood relative of the individual." O.R.S. 192.539(1).

---

[1] https://www.familytreedna.com/?cjdata=MXxOfDB8WXww&cjevent=5288bdd8ff7f11ef83de00010a82b82d&cm_mmc=CJ-_-100357191-_-5250933-_-Evergeen+Discover+More+With+FamilyTreeDNA+-+DEEPLINK&utm_source=cj&utm_content=100357191&utm_term=13840319

Page 2 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

6.

Similarly, the New Mexico legislature implemented its genetic privacy statute which prohibits the "collection, retention, transmission or use of genetic information without the informed and written consent of the individual or the individual's authorized representative." N.M.S.A. § 24-21-3(B). "Genetic information" includes information regarding whether an "individual or members of an individual's family. . . "use[d] genetic services." N.M.S.A. § 24-21-2(D).

7.

Thus, collectively, both the Oregon and New Mexico Genetic Statutes prohibit the disclosure of the identity of an individual upon whom a genetic test has been performed without first obtaining that individual's consent.

8.

Defendant's practice of disclosing its customers' genetic information to third parties without first obtaining consent violates the above-mentioned Genetic Statutes.

9.

**PARTIES**

Plaintiff Justin Byrd Bonneau is a natural person and a citizen of Oregon.

10.

Plaintiff Robbie Burgess is a natural person and a citizen of New Mexico.

11.

Defendant Gene by Gene, Ltd. d/b/a FamilyTreeDNA is a company organized under the law of Texas, with its principal place of business located in Houston, Texas.

12.

**JURISDICTION & VENUE**

This Court has diversity jurisdiction under 28 U.S.C. § 1332(a) and (d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount

Page 3 - CLASS ACTION ALLEGATION COMPLAINT

in controversy exceeds $5,000,000, exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

13.

This Court may assert personal jurisdiction over Defendant, because Defendant does business within Oregon and transacts business in Oregon such that it has sufficient minimum contacts with Oregon and/or has purposely availed itself of Oregon markets to make it reasonable for this Court to exercise jurisdiction over Defendant, and because Plaintiff Bonneau's claims arise out of Defendant's in-state actions.

14.

Venue is proper in this District because Plaintiff Bonneau resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

15.

**COMMON ALLEGATIONS OF FACT**

Defendant provides its consumers with commercial genetic testing. With a database of more than two million records, it is the fourth most popular genetic testing company worldwide.

16.

To use FamilyTreeDNA, consumers place an order for one of Defendant's genetic testing kits. Once completed, the users have access to analysis related to the specific genetic service they requested. For example, if one consumer ordered the Family Finder DNA Test, the test would show the consumer matches in Defendant's DNA database on all of their ancestral lines within the last five generations.

17.

However, unbeknownst to Defendant's consumers, Defendant uses third party tracking technologies which disclose individuals' identities and the fact that that individual underwent genetic testing.

18.

Specifically, Defendant integrated Facebook's tracking pixel, the Meta Pixel, into its Website. The Meta Pixel allows companies, like Defendant, to build detailed profiles about their visitors by collecting information about how they interact with their websites, and then use the collected information to serve them highly targeted advertising.

19.

Additionally, a Meta Pixel installed on a company's website allows Meta to match website visitors to their respective Meta User accounts because it has assigned each of its users a Facebook account ID ("FID"), a unique identifier that allows anyone to look up the user's unique Meta profile and identify their name. Thus, each transmission of information made from a company's website to Meta via the Meta Pixel is accompanied by the FID of the website visitor.

20.

Accordingly, through Defendant's utilization of the Meta Pixel, when a customer places an order for a genetic test kit from FamilyTreeDNA, Defendant discloses to Facebook the identity of the person ordering the genetic test kit when it transmits that customer's interaction with Defendant's Website.

21.

Such disclosures, including the identity of the users, are also made when users interact with Defendant's Website through plain language URL information. For example, when a customer places an order for a genetic test kit, the URL data disclosed to Facebook is familytreedna.com/checkout. When a customer completes an order for a genetic test kit, the URL data disclosed to Facebook is familytreedna.com/thank-you. When a customer completes an order for a genetic test kit and subsequently logs into their FamilyTreeDNA profile, the URL data disclosed to Facebook is familytreedna.com/sign-in. After a user has logged into their account, the URL data disclosed to Facebook is familytreedna.com/welcome. Thus, there are numerous website interactions that Defendant's customers can make that disclose their identity along with their status as an individual who has underwent genetic testing.

Page 5 - CLASS ACTION ALLEGATION COMPLAINT

22.

As a result, Defendant is illegally disclosing individuals' identities and their confidential genetic information. Such information, including their identity and the fact that they are an individual who has undergone genetic testing, is exactly the kind of information explicitly protected under the above-mentioned Genetic Statutes.

23.

Defendant disclosed Plaintiffs' and members of the Classes' genetic information to Facebook in order to better create targeted advertisements based on the information Plaintiffs and the members of the Classes shared with Defendant through their interactions with Defendant's Website.

24.

Defendant could have easily chosen to not implement the Meta Pixel on its Website, or programmed Meta Pixel to not disclose genetic information. Instead, Defendant chose to install the Meta Pixel on its Website which disclosed to Meta sensitive statutorily protected information in violation of the Genetic Statutes.

25.

Prior to transmitting its users' identities and the fact that they had undergone genetic testing to Meta, Defendant failed to notify Plaintiffs or any members of the Classes that it would do so, and neither Plaintiffs nor any other members of the Classes consented (in writing or otherwise) to these practices.

26.

By intentionally disclosing to Meta the identities of Plaintiffs and the members of the Classes, along with the fact that they had undergone genetic testing, Defendant knowingly and systematically violated the Genetic Statutes of Oregon and New Mexico listed above.

///

///

///

Page 6 - CLASS ACTION ALLEGATION COMPLAINT

27.

## FACTS SPECIFIC TO PLAINTIFFS

Plaintiff Justin Byrd Bonneau is one of Defendant's consumers. In late 2023, Plaintiff Bonneau purchased one of Defendant's genetic testing kits for his own personal use. After receiving and completing his genetic testing kit, Plaintiff generally interacted with Defendant's Website to examine the results of his test.

28.

In doing so, Plaintiff Bonneau communicated information containing his identity and the fact that he had undergone genetic testing, which Defendant disclosed to Meta through the Meta Pixel.

29.

Because Plaintiff Bonneau has a Facebook account, Defendant disclosed to Facebook via the Meta Pixel Plaintiff's Facebook ID, along with plain language URL information, and the contents of his communications with Defendant's Website which demonstrate that Plaintiff is someone who had undergone genetic testing.

30.

Plaintiff Bonneau expected that his communications with Defendant's Website were confidential and that such communications, including those that contained sensitive genetic information, would not be disclosed to third parties. Further, prior to disclosing his identity and the fact that he had undergone genetic testing to Meta, Defendant never obtained Plaintiff's consent to do so.

31.

Plaintiff Robbie Burgess is one of Defendant's consumers. In late 2023, Plaintiff Burgess purchased one of Defendant's genetic testing kits for her own personal use. After receiving and completing her genetic testing kit, Plaintiff generally interacted with Defendant's Website to examine the results of her test.

///

Page 7 - CLASS ACTION ALLEGATION COMPLAINT

32.

In doing so, Plaintiff Burgess communicated information relating to her identity and the fact that she had undergone genetic testing, which Defendant disclosed to Meta through its implementation of the Meta Pixel.

33.

Because Plaintiff Burgess has a Facebook account, Defendant disclosed to Facebook via the Meta Pixel Plaintiff's Facebook ID, along with plain language URL information, and the contents of her communications with Defendant's Website which demonstrate that Plaintiff is someone who had undergone genetic testing.

34.

Plaintiff Burgess expected that her communications with Defendant's Website were confidential and that such communications, including those that contained sensitive genetic information, would not be disclosed to third parties. Further, prior to disclosing her identity and the fact that she had undergone genetic testing to Meta, Defendant never obtained Plaintiff's consent to do so.

35.

## CLASS ACTION ALLEGATIONS

Plaintiffs bring this action individually and on behalf of all similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs seek to represent two Classes (the "Classes") of individuals, defined as follows:

(i)     The Oregon Class: All persons in the state of Oregon, within the applicable statute of limitations period, who (i) had a Facebook account; (ii) purchased a genetic test from Defendant; and (iii) and had their genetic testing information disclosed to Facebook.

(ii)    The New Mexico Class: All persons in the state of New Mexico, within the applicable statute of limitations period, who (i) had a Facebook account; (ii) purchased a genetic test from Defendant; and (iii) and had their genetic testing information disclosed to Facebook.

Page 8 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

36.

Plaintiffs will fairly and adequately represent and protect the interests of the other members of the Classes. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have any interest adverse to those of the other members of the Classes.

37.

Absent a class action, most members of the Classes would find the cost of litigating their claims to be prohibitive and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

38.

Defendant has acted and failed to act on grounds generally applicable to the Plaintiffs and the members of the Classes, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes, and making injunctive or corresponding declaratory relief appropriate for the Classes as a whole.

39.

The factual and legal bases of Defendant's liability to Plaintiffs and to the other members of the Classes are the same, resulting in injury to the Plaintiffs and to all of the other members of the Classes. Plaintiffs and the other members of the Classes have suffered harm as a result of Defendant's unlawful and wrongful conduct.

Page 9 - CLASS ACTION ALLEGATION COMPLAINT

40.

Upon information and belief, there are thousands, if not millions, of members of the Classes such that joinder of all members is impracticable.

41.

There are many questions of law and fact common to the claims of Plaintiffs and the other members of the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not limited to, the following:

(a) Whether Defendant disclosed members of the Classes' genetic information to third parties in violation of the Genetic Statutes; and

(b) Whether Defendant obtained consent prior to disclosing members of the Classes' genetic information.

## FIRST CLAIM FOR RELIEF
### Violation of O.R.S. 192.531, *et seq.*
### (Plaintiff Bonneau, individually and on behalf of the Oregon Class)

42.

Plaintiff Bonneau hereby incorporates the above allegations by reference as though fully set forth herein.

43.

Plaintiff Bonneau is domiciled and suffered injury in Oregon.

44.

Oregon's genetic privacy statute prohibits compelling the disclosure of "the identity of an individual upon whom a genetic test has been performed, or the identity of a blood relative of the individual, or to disclose genetic information about the individual or a blood relative of the individual in a manner that permits identification of the individual." O.R.S. 192.539(1).

Page 10 - CLASS ACTION ALLEGATION COMPLAINT

45.

Plaintiff Bonneau and the members of the Oregon Class purchased a genetic testing kit from Defendant. In doing so, the information communicated through Defendant's Website is the type of information protected by O.R.S. 192.531, *et seq*.

46.

As alleged above, Defendant disclosed Plaintiff Bonneau's and the members of the Oregon Class's genetic information to Facebook without their prior consent. Specifically, Defendant disclosed to Facebook via its implementation of the Meta Pixel that Plaintiff and the members of the Oregon Class have undergone a genetic test without their prior consent. In doing so, Defendant violated O.R.S. 192.539.

47.

Defendant's disclosures were committed with the intent to sell, transfer or use the genetic information for commercial advantage. Alternatively, the disclosures were knowing or reckless, or at least negligent. Defendant knowingly disclosed its users' identities and the fact that they had undergone genetic testing to Meta to improve Defendant's advertising, and thus, increase profits.

48.

Plaintiff Bonneau's and the members of the Oregon Class's rights to genetic privacy have been violated by Defendant's above-described disclosures.

49.

Based on Defendant's violations, Plaintiff Bonneau and the members of the Oregon Class are entitled to damages in the amount of $250,000 for each knowing violation committed with the intent to sell, transfer, or use for commercial advantage, $100,000 for each knowing or reckless violation, $5,000 for each negligent violation, and $1,000 for each inadvertent violation that does not arise out of negligence of Defendant. They are also entitled to costs and reasonable legal fees. O.R.S. 192.541.

///

///

Page 11 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

## SECOND CLAIM FOR RELIEF
### Violation of N.M.S.A. 1978, § 24-21-3, *et seq.*
### (Plaintiff Burgess, individually and on behalf of the New Mexico Class)

50.

Plaintiff Burgess hereby incorporates the above allegations by reference as though fully set forth herein.

51.

Plaintiff Burgess is domiciled and suffered injury in New Mexico.

52.

New Mexico's genetic privacy statute prohibits the transmission or use of genetic information without the informed and written consent of the individual or individual's authorized representative. N.M.S.A. 1978 § 24-21-3(B). "Genetic information" includes information regarding an individual's "use of genetic services." N.M.S.A. 1978, § 24-21-2(D).

53.

Plaintiff Burgess and the members of the New Mexico Class purchased a genetic testing kit from Defendant. In doing so, the information communicated through Defendant's Website is the type of information protected by N.M.S.A. 1978, § 24-21, *et seq.*

54.

As alleged above, Defendant disclosed Plaintiff Burgess's and the members of the New Mexico Class's genetic information to Facebook without their prior consent. Specifically, Defendant disclosed to Facebook via its implementation of the Meta Pixel that Plaintiff and the members of the New Mexico Class have undergone a genetic test, and thus, used genetic services without their prior consent. In doing so, Defendant violated N.M.S.A. 1978 § 24-21-3(B).

55.

Defendant's disclosures resulted from willful and grossly negligent conduct. Defendant knowingly transmitted and disclosed Plaintiff Burgess's and the members of the New Mexico Class's genetic information to Facebook for financial gain or commercial advantage.

///

Page 12 - CLASS ACTION ALLEGATION COMPLAINT

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

56.

Based on Defendant's violations, Plaintiff Burgess and the members of the New Mexico Class are entitled to damages in the amount of $5,000 for each violation, in addition to any economic loss as the violations resulted from willful or grossly negligent conduct and costs and reasonable legal fees. N.M.S.A. 1978, § 24-21-6.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the Classes, prays for the following relief:

1. An order certifying the Classes as defined above;
2. An order declaring that Defendant's conduct violates the Genetic Statutes referenced above;
3. For compensatory and statutory damages in amounts stated above;
4. For all injunctive relief the Court finds appropriate;
5. For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs; and
6. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests by jury all claims that can be so tried.

DATED: March 25, 2025

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

By: *s/ Steve D. Larson*
   **Steve D. Larson**, OSB No. 863540

209 SW Oak Street, Suite 500
Portland, Oregon 97204
Telephone: (503) 227-1600
Facsimile: (503) 227-6840
Email: slarson@stollberne.com

Page 13 - CLASS ACTION ALLEGATION COMPLAINT

*Counsel for Plaintiffs Justin Byrd Bonneau and Robbie Burgess*

**Jordan Frysinger** (*pro hac vice* forthcoming)
**Myles McGuire** (*pro hac vice* forthcoming)
MCGUIRE LAW, P.C.
55 West Wacker Drive, 9th Floor
Chicago, Illinois 60601
Telephone:     (312) 893-7002
Facsimile:       (312) 275-7895
Email:             jfrysinger@mcgpc.com
                        mmcguire@mcgpc.com

*Counsel for Plaintiffs Justin Byrd Bonneau and Robbie Burgess*

.

Page 14 - CLASS ACTION ALLEGATION COMPLAINT